UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRYAN NELSON | : |
| VS. | :     CIVIL ACTION NO. |
| CITY OF HARTFORD | :     FEBRUARY 14, 2020 |

## **C O M P L A I N T**

### COUNT ONE

1. This is an action for brought by a citizen and resident of the State of Arizona against a citizen and resident of the State of Connecticut. The amount in dispute, exclusive of interest and costs, is greater than seventy-five thousand dollars ($75,000).

2. Jurisdiction of this court is invoked under the provisions of Title 28, Section 1332, of the United States Code.

3. The plaintiff is a retired Hartford police officer who now resides and works in Phoenix, Arizona.

4. The defendant is a municipal corporation in the State of Connecticut. The Hartford Police Department is one of the defendant's municipal departments and was the plaintiff's employer at all times herein mentioned.

5. The plaintiff was a detective assigned to the Major Crimes Division of the Hartford Police Department.

6. Another detective in the same unit, Samuel Cruz, filed a complaint with the Connecticut Commission on Human Rights and Opportunities (hereinafter "the Commission" or "CHRO") alleging that he was being subjected to unlawful discrimination at work by the Division's commanding officer, Lt. Paul Cicero.

7. The plaintiff was listed as a witness on behalf of Detective Cruz and agreed to testify on his behalf before the Commission. This fact was communicated to the City of Hartford by the Commission in accordance with the law.

8. At approximately 2:45 p.m. on October 23, 2018, Lt. Cicero ordered the plaintiff to follow him to the Chief's Conference. The plaintiff complied with his order. En route to that meeting, Lt. Cicero referred to the aforesaid Cruz complaint and, in response, the plaintiff acknowledged that he was planning to testify on behalf of Detective Cruz at the CHRO hearing.

9. Upon arriving at the Chief's Conference Room, the plaintiff was introduced to the attorney who was defending the city and Lt. Cicero against Detective Cruz's complaint. She asked the plaintiff if he would answer questions concerning the matter. The plaintiff explained that he would answer questions at the CHRO hearing but preferred not to answer questions in another setting. The

plaintiff then left the room.

10. Thereafter, the plaintiff did offer evidence on behalf of Detective Cruz at the CHRO.

11. After that time, the plaintiff was subjected to a pattern of harassment from Lt. Cicero and his immediate subordinates who were the plaintiff's superior officers.

12. On February 21, 2019, the plaintiff was notified in writing that he was accused of referring to Lt. Cicero in derogatory terms at a meeting of the Major Crimes Division on October 26, 2019. That allegation was false. However, the plaintiff was ordered to file a written response to it.

13. The plaintiff was subjected to other formal but false accusations in the period between the meeting at the CHRO and February 21, 2019.

14. As a result, the plaintiff's working environment became so hostile that he was constrained to take an early retirement from the Hartford Police Department, causing him economic losses in addition to the emotional distress inflicted upon him by the foregoing wrongdoing.

15. In the manner described above, the plaintiff's working conditions at the Hartford Police Department were made so difficult and unpleasant that any reasonable officer in the plaintiff's position would have felt compelled to resign.

15. The early retirement described above constituted a constructive

discharge from the plaintiff's position as a police detective.

16. In the manner described above, the defendant penalized the plaintiff because of his exercise of rights protected by Sections 3, 4 and 14 of Article First of the Connecticut Constitution. The plaintiff's protected activity described above did not and could not have substantially or materially interfered with the plaintiff's bona fide job performance or the working relationship between the plaintiff and his fellow detectives.

WHEREFORE, the plaintiff claims judgment against the defendant, pursuant to Section 31-51q of the Connecticut General Statutes, for compensatory damages, punitive damages, attorney fees and costs.

## COUNT TWO

1. This is an action for brought by a citizen and resident of the State of Arizona against a citizen and resident of the State of Connecticut. The amount in dispute, exclusive of interest and costs, is greater than seventy-five thousand dollars ($75,000).

2. Jurisdiction of this court is invoked under the provisions of Title 28, Section 1332, of the United States Code.

3. The plaintiff is a retired Hartford police officer who now resides and works in Phoenix, Arizona.

4. The defendant is a municipal corporation in the State of Connecticut. The Hartford Police Department is one of the defendant's municipal departments and was the plaintiff's employer at all times herein mentioned.

5. The plaintiff was a detective assigned to the Major Crimes Division of the Hartford Police Department.

6. Another detective in the same unit, Samuel Cruz, filed a complaint with the Connecticut Commission on Human Rights and Opportunities (hereinafter "the Commission" or "CHRO") alleging that he was being subjected to unlawful discrimination at work by the Division's commanding officer, Lt. Paul Cicero.

7. The plaintiff was listed as a witness on behalf of Detective Cruz and agreed to testify on his behalf before the Commission. This fact was communicated to the City of Hartford by the Commission in accordance with the law.

8. At approximately 2:45 p.m. on October 23, 2018, Lt. Cicero ordered the plaintiff to follow him to the Chief's Conference. The plaintiff complied with his order. En route to that meeting, Lt. Cicero referred to the aforesaid Cruz complaint and, in response, the plaintiff acknowledged that he was planning to testify on behalf of Detective Cruz at the CHRO hearing.

9. Upon arriving at the Chief's Conference Room, the plaintiff was introduced to the attorney who was defending the city and Lt. Cicero against

Detective Cruz's complaint. She asked the plaintiff if he would answer questions concerning the matter. The plaintiff explained that he would answer questions at the CHRO hearing but preferred not to answer questions in another setting. The plaintiff then left the room.

10. Thereafter, the plaintiff did offer evidence on behalf of Detective Cruz at the CHRO.

11. After that time, the plaintiff was subjected to a pattern of harassment from Lt. Cicero and his immediate subordinates who were the plaintiff's superior officers.

12. On February 21, 2019, the plaintiff was notified in writing that he was accused of referring to Lt. Cicero in derogatory terms at a meeting of the Major Crimes Division on October 26, 2019. That allegation was false. However, the plaintiff was ordered to file a written response to it.

13. The plaintiff was subjected to other formal but false accusations in the period between the meeting at the CHRO and February 21, 2019.

14. As a result, the plaintiff's working environment became so hostile that he was constrained to take an early retirement from the Hartford Police Department, causing him economic losses in addition to the emotional distress inflicted upon him by the foregoing wrongdoing.

15. In the manner described above, the plaintiff's working conditions at

the Hartford Police Department were made so difficult and unpleasant that any reasonable officer in the plaintiff's position would have felt compelled to resign.

15. The early retirement described above constituted a constructive discharge from the plaintiff's position as a police detective.

16. In the manner described above, the defendant retaliated against the plaintiff because of his testimony and support of Detective Cruz's employment discrimination complaint to the Commission on Human Rights and Opportunities, in violation of Section 46a-60(b)(4) of the Connecticut General Statutes.

17. On March 18, 2019, the plaintiff filed a complaint with the CHRO regarding the foregoing retaliation. He thereafter received a Release of Jurisdiction from the CHRO issued on November 29, 2019.

WHEREFORE, the plaintiff claims judgment against the defendant for compensatory damages, attorney fees and costs.

**_The plaintiff claims trial by jury._**

THE PLAINTIFF

BY:	/s/	(ct00215)
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
jrw@johnrwilliams.com