UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
------------------------------------------------------x
                                              :
BRYAN NELSON                                  :              3: 20 CV 221 (JAM)
                                              :
v.                                            :
                                              :
CITY OF HARTFORD                              :              DATE: JAN. 15, 2021
                                              :
------------------------------------------------------x
```

RULING ON PLAINTIFF'S MOTION TO COMPEL (DOC. NO. 33)

I.      BACKGROUND

The plaintiff Bryan Nelson, a retired Hartford Police Detective, brought this employment discrimination against the City of Hartford alleging that the City subjected him to a hostile work environment which resulted in a constructive discharge in retaliation for having supported a fellow police detective in his complaints of employment discrimination against the defendant.  (Doc. No. 1; *see Cruz v. City of Hartford*, 19cv405(JAM)). The plaintiff resides in Arizona; this is a diversity action in which the plaintiff alleges that the retaliation violated Sections 31-51q and 46a-60(b)(4) of the Connecticut General Statutes.  (*Id.*).

Following two motions for nonsuit for failure to comply with the Court's discovery orders (Doc. Nos. 25, 29), both of which the Court (Meyer, J.) denied without prejudice (Doc. Nos. 38, 32), the defendant filed the pending Motion to Compel (Doc. No. 33) on December 30, 2020, seeking the production of a diary or journal the plaintiff testified about at his deposition despite having responded that he did not keep a diary or journal when asked in the initial discovery protocols.  (Doc. No. 33).  On January 7, 2021, the plaintiff filed his brief in opposition (Doc. No.

36; *see* Doc. No. 35), and on January 8, 2021, the defendant filed a reply brief. (Doc. No. 40).  On the same day, the Court referred this motion to the undersigned.  (Doc. No. 39).[1]

For the reasons stated below, the defendant's Motion to Compel (Doc. No. 33) is DENIED.

II.   MOTION TO COMPEL

A.   LEGAL STANDARD

Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1). When a party "fails to produce documents . . . as requested," Federal Rule of Civil Procedure 37 permits "[the] party seeking discovery . . . [to] move for an order compelling . . . production[.]" FED. R. CIV. P. 37(a)(3)(B).

B.   DISCUSSION

This District sets forth Initial Discovery Protocols for Employment Cases Alleging Adverse Actions under which the parties produce categories of documents as part of this Initial Discovery. (*See* Doc. No. 6). On December 4, 2020, the plaintiff produced his Initial Discovery which included a response to the request for "[d]iary, journal, and calendar entries maintained by the plaintiff concerning the factual allegations or claims at issue in this lawsuit."  (*Id.* at 4).  In response, the plaintiff reported, "None." (Doc. No. 33, Ex. A at 4).  On December 8, 2020, however, the plaintiff testified at his deposition that he kept a contemporaneous diary, log or calendar of events at issue in this lawsuit.  (Doc. No. 33, Ex. B).  Consequently, the defendant moves for an order compelling the production of these "diary, journal or calendar entries[.]" (Doc. No. 33 at 2).

---

[1] The defendant filed a second Motion to Compel on January 4, 2021 (Doc. No. 34), the briefing for which is not yet complete. (*See* Doc. Nos. 37-39).  That motion will be addressed in a separate ruling.

On January 7, 2021, the plaintiff filed his brief in opposition in which he asserts that the electronic document that the plaintiff contemporaneously authored, which the defendant refers to as a "diary," is in fact a written communication protected by the attorney-client privilege.  (Doc. No. 36).  The plaintiff argues that he kept on his home computer a contemporaneous electronic record of the events that occurred during the time period at issue, and when he retained his counsel, he provided him with a copy of this document.  (Doc. No. 36 at 1-2).   The plaintiff argues that it was not a "diary" but "a communication from [him to his lawyer] explaining [his] perspective on what had been happening" to him.  (Doc. No. 36 at 2 (quoting Doc. No. 36-1 at 5)).

"The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance."  *In re County of Erie*, 473 F.3d 413, 418 (2d Cir. 2007). The law is clear that "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged."  *Fisher v. United States*, 425 U.S. 391, 403 (1976). The purpose of this privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."  *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "[S]ince the privilege has the effect of withholding relevant information from the fact-finder, it applies only where necessary to achieve its purpose. Accordingly, it protects only those disclosures--*necessary to obtain informed legal advice*--which might not have been made absent the privilege." *Ullmann v. State*, 230 Conn. 698, 713 (1994) (emphasis in original) (multiple citations and internal quotations omitted).

The written document at issue in this case contains a record of the events that the plaintiff claims were kept for later consultation with his counsel.  The plaintiff's testimony makes clear that, during his employment and prior to this litigation, the plaintiff kept a running diary or log of

events as they were occurring, and that diary or log of events concerns the allegations at issue in this case. Later, as he sought out counsel, the plaintiff edited and revised the diary or log of events and produced a copy to his counsel. This sort of writing has been addressed in previous case law which this Court finds instructive.

In *Clark v. Buffalo Wire Works Co.*, 190 F.R.D. 93 (W.D.N.Y. 1999), the defendant in an age-discrimination case sought notes from a non-party that he made during the course of his employment which contained the non-party's recollections of, and opinions concerning, work-related events and conversations, and which the non-party ultimately produced to his counsel. *Id.* at 94. The non-party made the notes "in order to inform an attorney about facts from his daily life that he considered to be relevant to his potential legal remedies." *Id.* at 96. The defendant argued that the notes were not privileged because the majority of them was created before the firm represented the non-party and the notes were delivered to the firm only after he had created them. *Id.* at 93. In short, the defendant argued that the notes could not be "'push[ed] . . . under the umbrella of privilege merely by turning [them] over to an attorney.'" *Id.* at 94 (quoting Moore's Federal Practice § 26.49 and n.6). The court disagreed and held that the notes were protected by the attorney-client privilege because they were made for the "purpose of seeking legal advice from an attorney"; they qualified as a "communication" from the non-party to his attorneys because, even though the attorneys did not read the notes "'contemporaneously with their creation,' this cannot 'change the fact that the notes were created by [the non-party] to communicate' with his attorneys." *Id.* at 96 (quoting *Bernbach v. Timex Corp.*, 174 F.R.D. 9, 10 (D. Conn. 1997)).

In a similar case from this district, this court held that personal notes made by an individual for the purpose of assisting an attorney in a future employment discrimination case may be protected as an attorney-client communication. *See Bernbach*, 174 F.R.D. at 10-11. In *Bernbach*,

the plaintiff, upon direction from her attorneys, kept "almost daily notes of events and conditions in her life which she felt were critical for her attorneys to know." *Id.* at 10.  The court held that the notebooks were made "for the purpose of seeking legal advice from her attorney" and "constitute a communication from [the plaintiff] to her attorney."  *Id.*  Again, the court noted that "[t]he fact that [her counsel] did not read the notes contemporaneously with their creation does not change the fact that the notes were created by the client to communicate with her attorney to get legal advice." *Id.*  Additionally, the "notes were made and communicated to [her counsel] in confidence" thereby satisfying the elements of the privilege. *Id.*

In this case, the plaintiff referred to the notes he compiled as his "initial complaint" that he typed contemporaneously as a "running history of what had been happening in the department." (Doc. No. 33, Ex. B at 6).  The plaintiff described this "complaint" as "basically a journal . . . even though [he] had labeled it as a complaint."  (*Id.* at 8).  He started keeping this journal during the course of his relationship with the defendant and he continued to "add into it and save it[.]" *Id.* at 9, 13).   The plaintiff explained that he "would go back and revise and reorganize [this electronic document] as time passed" and when he retained counsel, he "reorganized and revised that document into something that would be a communication to [his] lawyer to explain to [his] lawyer why [he] was coming to the lawyer."  (Doc. No. 36 at 2 (quoting Doc. No. 36-1 at 4-5)).  The plaintiff testified that he used this document to "la[y] out the facts that [his counsel] needed necessary to - -to provide . . . [an] opinion" to the plaintiff.  (Doc. No. 36-1 at 5).  The document only exists in an electronic format; the plaintiff has never printed it out, but if he had, it would contain the recitation that he shared with his counsel.  (*Id.* at 7). In other words, the only available version of this document is the one that the plaintiff edited and modified expressly to turn over to his attorney.

The fact that the plaintiff created the notes before he retained counsel is not determinative of whether the notes are privileged.  Rather, the common thread in the cases addressing this privilege issue is that the party's notes were made for the purpose of ultimately communicating with an attorney, and the party believed that the notes would be kept confidential.  *See also United States v. Defonte*, No. 06-1046-CR, 2006 WL 623603 (2d Cir. Mar. 14, 2006) (holding that notes taken by an individual with an eye toward legal representation are privileged if later communicated to an attorney). Had the personal notes been made only for the plaintiff's personal use, they would not be shielded by the privilege as attorney-client communications.  *See Clark*, 190 F.R.D. at 96 (citing *Angst v. Mack Trucks, Inc.*, Civ. A. Nos. 90-3274, 90-4329, 1991 WL 86931, at *1-2 (E.D. Pa. May 14, 1991)). Conversely, however, "notes qualify as a 'communication' when they are turned over to an attorney, even if the attorney did not read the notes contemporaneously with their creation." *LeBlanc v. Coastal Mechanical Svc., LLC*, Case No. 04-80611-CIV-RYSKAMP/VITUNAC, 2005 WL 8156080, at *3 (S.D. Fl. Mar. 22, 2005) (citing *Clark*, 190 F.R.D. at 95-96; *Bernbach*, 174 F.R.D. at 10; *Derderian v. Polaroid Corp.*, 121 F.R.D. 13, 17 (D. Mass. 1988)).

In this case, the plaintiff explained that he kept the notes contemporaneously during his employment, but that, once he retained counsel, he revised, edited and then produced that document to his attorney for the purpose of soliciting the opinion of counsel.  Accordingly, the document at issue is protected by the attorney-client privilege.

To be clear, however, the facts contained in this diary are not protected by the privilege. *Clark*, 190 F.R.D. at 96 (citing *In re Six Grand Jury Witnesses*, 979 F.2d 939, 944 (2d Cir. 1992) ("the cloak of privilege simply protects the communication from discovery, the underlying information contained in the communication is not shielded from discovery"), *cert. denied*, 509

U.S. 905 (1993)).  Applying that tenet to this case, although the notes themselves are protected by the attorney-client privilege, when deposing the plaintiff, the defendant could have inquired into the facts that underlie the plaintiff's allegations.  *See Clark*, 190 F.R.D. at 96; *Bernbach*, 174 F.R.D. at 10. The defendant, however, would be precluded from inquiring into what the plaintiff communicated to his attorney through this electronic document about the facts underlying his allegations.

III.   <u>CONCLUSION</u>

Accordingly, this Court concludes that the plaintiff's Motion to Compel (Doc. No. 33) the production of the document at issue is DENIED.

This is not a Recommended Ruling. This Ruling is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); and D. CONN. L. CIV. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 15th day of January, 2021.

                                          __/s/ Robert M. Spector_____
                                          Robert M. Spector
                                          United States Magistrate Judge