UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------x
:
BRYAN NELSON                             :        3: 20 CV 221 (JAM)
:
v.                                       :
:
CITY OF HARTFORD                         :        DATE: JAN. 26, 2021
:
----------------------------------------------------x

RULING ON MOTION TO COMPEL (DOC. NO. 34)

I.   BACKGROUND

The plaintiff Bryan Nelson, a retired Hartford Police Detective, brought this employment discrimination action against the City of Hartford alleging that the City subjected him to a hostile work environment which resulted in a constructive discharge in retaliation for having supported a fellow police detective in his complaints of employment discrimination against the City.  (Doc. No. 1; *see Cruz v. City of Hartford*, 19cv405(JAM)).  The plaintiff resides in Arizona; this is a diversity action in which the plaintiff alleges that the retaliation violated Sections 31-51q and 46a-60(b)(4) of the Connecticut General Statutes.  (*Id.*).

On January 4, 2021, the defendant filed the pending motion seeking an order compelling testimony and production from a non-party witness, Samuel Cruz, who has his own employment discrimination case pending before this Court.  (Doc. No. 34).  Four days later, on January 8, 2021, the Court (Meyer, J.) referred this motion to the undersigned.  (Doc. No. 39).[1]  On January 12, 2021, the plaintiff filed his brief in opposition.  (Doc. No. 41).

---

[1] The defendant filed another Motion to Compel on December 30, 2020 (Doc. No. 33) which this Court denied on January 15, 2021. (Doc. No. 42).

1

For the reasons stated below, the defendant's Motion to Compel (Doc. No. 34) is GRANTED IN PART and DENIED IN PART.

II.   MOTION TO COMPEL

   A.   LEGAL STANDARD

Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1). When a party or deponent "fails to answer a question[ or] produce documents . . . as requested," Federal Rule of Civil Procedure 37 permits "[the] party seeking discovery . . . [to] move for an order compelling an answer [or]. . . production[.]" FED. R. CIV. P. 37(a)(3)(B).

   B.   DISCUSSION

On December 8, 2020, the plaintiff was deposed and identified Samuel Cruz as a witness to his case. (Doc. No. 34 at 1). Samuel Cruz has an employment discrimination case pending in this Court; the same attorneys in this case represent the plaintiff and the defendant in that case. *See Cruz v. City of Hartford*, 3:19cv405(JAM). Discovery closed in the *Cruz* case on February 1, 2020, and the case is pending trial. (Doc. No. 14).[2]

On December 10, 2020, the defendant issued a deposition notice and subpoena *duces tecum* to Samuel Cruz (Doc. No. 41, Ex. 2), and the following day, counsel entered into a written stipulation concerning the protocol for conducting remote depositions. (Doc. No. 41, Ex. 3). On December 16, 2020, in accordance with the terms of that protocol, the plaintiff's counsel filed objections on behalf of Detective Cruz to certain portions of the subpoena because they related to the *Cruz* case in which discovery had ended. (Doc. No. 41, Ex. 4). In advance of the deposition, the plaintiff's counsel explained that he objected to using the deposition to conduct discovery in

---

[2] Due to limitations imposed by the COVID-19 pandemic, which has resulted in multiple orders staying jury trials, that jury selection has been continued to September 2, 2021. (Doc. No. 51).

2

the *Cruz* case; defense counsel responded that her "purpose [was] to question [Detective] Cruz concerning his personal knowledge concerning the allegations of Mr. Nelson's case." (Doc. No. 41, Ex. 5 & Ex. 6).

The defendant now moves to compel Detective Cruz (1) to answer questions he refused to answer at his deposition on December 22, 2020; (2) to search for and produce any documents requested by the subpoena *duces tecum*; and (3) to pay the costs and expenses of an additional deposition. (Doc. No. 34 at 1).

The Court will address each of the defendant's claims in turn.

1. DEPOSITION TESTIMONY

During the course of the deposition, the plaintiff's counsel, on behalf of Detective Cruz, objected to lines of inquiry and instructed Detective Cruz not to answer questions that he asserted addressed Detective Cruz's case and not the plaintiff's case.

First, plaintiff's counsel objected to the following question: did "Detective Cruz . . . in any log that [he] created or any writing or note that [he] created concerning [his] own matter, did [he] mention Mr. Nelson as being a witness to any of [his] claims?" (Doc. No. 34, Ex. A at 10). Defense counsel argued that, because "there's some overlap here between the two complaints[,]" the defendant can inquire into its "defense . . . with regard to Mr. Nelson's claims." (*Id.*).

Defense counsel is correct that there is an overlap between the two complaints. The plaintiff's allegations of discrimination and retaliation arise out of his intent to testify on behalf of Detective Cruz at Detective Cruz's CHRO hearing. Specifically, the plaintiff alleges that Detective Cruz filed a complaint with the CHRO alleging that he was subjected to unlawful discrimination at work by the Major Crimes Division's commanding officer, Lt. Paul Cicero. (Doc. No. 1). The plaintiff was listed as a witness on behalf of Detective Cruz, and Lt. Cicero

subsequently questioned him about his plan to testify on behalf of Detective Cruz. (*Id.*). The plaintiff offered evidence on behalf of Detective Cruz at the CHRO hearing, and, after that time, Lt. Cicero and his immediate subordinates who were the plaintiff's superior officers subjected the plaintiff to false accusations, a hostile work environment, and a pattern of harassment, causing him to take an early retirement from the Hartford Police Department. (*Id.*). The gravamen of the plaintiff's harassment and retaliation claim is that he was listed as a witness to testify on behalf of Detective Cruz and, as a result of that involvement, he was subjected to discrimination and retaliation. Accordingly, asking Detective Cruz if he noted in a log, note or any writing for his own case that the plaintiff was a witness to his claims is appropriate and relevant to the plaintiff's case. Detective Cruz is directed to answer this question.

Next, upon questioning from defense counsel, Detective Cruz testified that he read the plaintiff's complaint, and he was aware that the plaintiff was "claiming . . . the same [discrimination] that [he is claiming]." (Doc. No. 34, Ex. A at 11). When asked what Detective Cruz was claiming, the plaintiff's counsel objected on grounds that such inquiry went to Detective Cruz's case. The Court disagrees.

Defense counsel was not asking Detective Cruz what he alleged in his case. Rather, she asked, "Do you know what Mr. Nelson is claiming against the City here?" (Doc. No. 34, Ex. A at 12). In response, Detective Cruz testified that Mr. Nelson was claiming "[d]iscrimination, the same thing that I'm claiming." (*Id.*). Upon further questioning, defense counsel asked Detective Cruz to clarify what he meant when he said that the plaintiff was making the same claim that Detective Cruz was making. It was Detective Cruz's response that implicated his own allegations. Accordingly, Detective Cruz is directed to explain his understanding of what the plaintiff is claiming against the City.

When asked if Detective Cruz belonged "to any social media pages where [he had] written anything about [his] claims against the City," the plaintiff's counsel objected on the ground that the question was not limited to the plaintiff's case. (Doc. No. 34, Ex. A-2 at 2). The Court agrees. This question was not tailored to the plaintiff's case, nor did it specifically implicate the plaintiff's involvement as a witness in Detective Cruz's case, which is the fault line where the two cases converge. In advance of the deposition, defense counsel agreed to "not go over matters to which [Detective] Cruz has already testified in his own case," and made clear that her "purpose [was] to question [Detective] Cruz concerning his personal knowledge [of] the allegations of Mr. Nelson's case." (Doc. No. 41, Ex. 5). As posed, this question was too broad, and the plaintiff's objection, therefore, is sustained.

Finally, when asked if Detective Cruz met with the plaintiff and the plaintiff's counsel "at the same time," the plaintiff's counsel objected on privilege grounds because any meeting, if one did occur, would have to concern trial preparation in the *Cruz* case. (Doc. No. 34, Ex. A-2 at 3; Doc. No. 41 at 4). Though the content of the meetings is privileged, defense counsel may inquire into whether such a meeting, or meetings, took place.

In addition to the deposition testimony, defense counsel moves to compel production of documents requested in the subpoena *duces tecum*. Specifically, among the documents requested were text messages, emails, correspondence or other recorded communications between Detective Cruz and the plaintiff for the period between January 1, 2016 and the present. (*See* Doc. No. 34, Ex. B). When asked at the deposition if he had documents responsive to this request, Detective Cruz responded that he did not have any of those documents because he "delete[s] all [his] text messages" "[p]retty much every night[,]" and he did not look for responsive text messages because "[he] knew that [he] didn't have them." (Doc. No. 34, Ex. A-1 at 4-5). Additionally, he testified

that he did not email with the plaintiff, so he did not have emails. (*Id.* at 5). The Court directs Detective Cruz to respond to the subpoena *duces tecum* by stating, in writing, what he searched, the date span of his search, and whether, in fact, he has any responsive text messages or emails. If his search yields responsive documents, those documents shall be produced. The Court declines to order sanctions but directs Detective Cruz's response by February 2, 2021.

Accordingly, as set forth above, Detective Cruz is directed to answer the three questions as detailed above. In addition, Detective Cruz shall produce the text or emails responsive to the subpoena *duces tecum*, or if there are no responsive documents, shall state in writing when, how and for what time period he searched to confirm that he had no responsive documents. The parties are strongly encouraged to reach an agreement regarding the costs of a continued deposition, which will not exceed thirty minutes, and the cost of an expedited transcript.[3]

III.  CONCLUSION

Accordingly, this Court concludes that the defendant's Motion to Compel (Doc. No. 34) is GRANTED IN PART and DENIED IN PART.

This is not a Recommended Ruling. This Ruling is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); and D. CONN. L. CIV. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 26th day of January, 2021.

                                                 /s/ Robert M. Spector
                                                 Robert M. Spector
                                                 United States Magistrate Judge

---

[3] If counsel are unable to reach an agreement, they shall contact Chambers.